UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BENJAMIN GARNER, individually and On behalf of all others similarly situated, *Plaintiff*, <br><br> v. <br><br> VELOCITY WEB ENTERPRISES, LLC and ACED ENTERPRISES, LLC. *Defendants*. | § § § § § § § § § § Case 4:25-cv-00548 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Benjamin Garner ("Plaintiff") and Defendant Velocity Web Enterprises, LLC ("Defendant") submit this joint discovery/case management plan.[1]

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred by telephone and email correspondence pursuant to Fed. R. Civ. P. 26(f) on May 15, 2025, and May 16, 2025, and the conference was attended by Anthony Paronich for the Plaintiff and David Walton for the Defendant.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

The parties are not aware of any other related cases at this time.

**3. Briefly describe what this case is about.**

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own. Defendants denies any violation of the TCPA.

---

[1] ACED Enterprises, LLC ("ACED") has been served but has not appeared. Plaintiff intends to submit a motion to default ACED shortly.

4. **Specify the allegation of federal jurisdiction.**

This Court has jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331 as the TCPA relates to a federal question.

5. **Name the parties who disagree and the reasons.**

The parties do not disagree on federal jurisdiction as currently pled in this case.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff does not anticipate naming any other parties, unless discovery reveals that a third party physically transmitted the calls at issue. Defendant is unaware of any additional parties at this time but reserves the right to name additional parties identified during discovery.

7. **List anticipated interventions.**

The parties are unaware of any anticipated interventions at this time.

8. **Describe class-action issues.**

Plaintiff is currently seeking to represent the following classes:

**National Do Not Call Registry Velocity Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Velocity, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**National Do Not Call Registry Aced Sub-Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Velocity, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial (5) as part of its relationship with Aced.

Defendant contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Nonetheless, Defendant contends that class certification motion and dispositive motion deadlines should be made a part of the scheduling order.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).**

The parties have not made the initial disclosures required by rule 26(a).

**10.    If not, describe the arrangements that have been made to complete the disclosures.**

The parties will make initial disclosures required by rule 26(a) by no later than June 6, 2025.

**11.    Describe the proposed agreed discovery plan, including:**

   **a.    Responses to all the matters raised in Rule 26(f), including any agreements and disputes concerning electronic discovery;**

   **26(f)(3)(A).** The parties do not propose any changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties will make initial disclosures by no later than June 6, 2025.

   **26(f)(3)(B).** Pursuant to Rule 26(b)(1), the scope of the discovery will be any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The parties propose that discovery should be completed by October 30, 2025. At this time, the parties do not propose that discovery be conducted in phases or be uniquely limited to or focused on particular issues.

   **26(f)(3)(C).** The parties are not currently aware of any issues about disclosure, discovery, or electronically stored information ("ESI"), including the form or forms in which it should be produced. The parties discussed that in the event issues subsequently arise about disclosure or discovery of ESI the parties shall meet and confer to try to agree on the parameters of such discovery prior to seeking court intervention. The parties agree: if a party has the ability to produce the documents in a searchable format, the documents produced should be searchable rather than hard copy.

   **26(f)(3)(D).** The parties are not currently aware of any issues about claims of privilege or of protection as to trial-preparation materials.

   **26(f)(3)(E).** The parties do not propose any changes to the limitations on discovery imposed under the federal rules or local rules. To the extent any such needs arise, the parties will meet and confer in an effort to determine mutually agreeable changes that are required prior to seeking court intervention.

   **26(f)(3)(F).** The parties submit herewith an agreed confidentiality order to protect against the disclosure to persons outside of this litigation, any confidential or business sensitive information exchanged between the parties.

**b.     When and to whom the plaintiff anticipates it may send interrogatories;**

Plaintiff anticipates serving interrogatories on Defendant soon after the initial pretrial and scheduling conference scheduled for May 19, 2025.

**c.     When and to whom the defendant anticipates it may send interrogatories;**

Defendant anticipates serving interrogatories on Plaintiff soon after the initial pretrial and scheduling conference scheduled for May 19, 2025.

**d.     Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking oral depositions of a corporate representative of Defendant and any expert witness retained by Defendant. Plaintiff anticipates completing the depositions by no later than February 27, 2026.

**e.     Of whom and by when the defendant anticipates taking oral depositions;**

Defendant anticipates taking oral depositions of Plaintiff, any class representative, and any expert witness retained by Plaintiff or class representative. Defendant anticipates completing the depositions by no later than February 27, 2026.

**f.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates being able to designate experts and provide the reports required by Rule 26(a)(2)(B) by no later than November 21, 2025. Defendants anticipates being able to designate experts and provide the reports required by Rule 26(a)(2)(B) by no later than January 16, 2026.

**g.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the oral depositions of Defendant's experts by no later than February 27, 2026.

h.  **List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the oral depositions of Plaintiff's experts by no later than February 27, 2026.

i.  **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan.

j.  **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not undertaken any formal discovery to date; however, the parties anticipate initiating formal written discovery soon after the initial pretrial and scheduling conference scheduled for May 19, 2025.

k.  **State the date the planned discovery can reasonably be completed.**

The parties estimate discovery to be complete by February 27, 2026. Defendant reserves the right to request bifurcation of discovery, including merits-based, expert, and class certification discovery, if necessary.

l.  **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have engaged in informal settlement discussions and believe a prompt settlement or resolution may be possible. The parties have agreed to continue those informal settlement discussion and further agreed to engage in mediation or other agreeable ADR process to explore the possibility of settlement following some basic fact discovery. The parties agreed to mediate by no later than February 27, 2026.

**m.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have engaged in informal settlement discussions and believe a prompt settlement or resolution may be possible. The parties have agreed to continue those informal settlement discussion and further agreed to engage in mediation or other agreeable ADR process to explore the possibility of settlement following some basic fact discovery.

**n.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties agree that non-binding mediation would be appropriate in this case, and that any mediation would be most effective after substantial completion of fact discovery.

**o.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge at this time.

**p.     State whether a jury demand has been made and if it was made on time.**

Plaintiff made a jury demand in the complaint.

**q.     Specify the number of hours it will take to present the evidence in this case.**

Plaintiff anticipates that if a class is certified, his case will take two days (14 hours) of evidence. Defendant contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. In the event a class is certified, Defendant contends that it will take no more than 30 hours, in total, to present evidence in this case.

**r.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions at this time.

**s.     List other motions pending.**

There are no pending motions at this time.

**t.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties are not aware of any other matters peculiar to this case at this time.

**u.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Defendant agrees to file its disclosure of interested parties by no later than May 19, 2025.

**v.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

Anthony I. Paronich (Bar No. 3588160)
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel. (508) 221-1510
*Counsel for Plaintiff*

David A. Walton
Texas Bar No. 24042120
dwalton@bellnunnally.com
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Tel. (214) 740-1445
Fax. (214) 740-5745
*Counsel for Defendant*

Dated: May 16, 2025.

                        Respectfully submitted,

By: */s/ Anthony I. Paronich*
    Anthony I. Paronich (Bar No. 3588160)
    anthony@paronichlaw.com
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    Tel. (508) 221-1510
    *Counsel for Plaintiff*

By: */s/ David Walton*
    David A. Walton
    Texas Bar No. 24042120
    dwalton@bellnunnally.com
    Bell Nunnally & Martin LLP
    2323 Ross Avenue, Suite 1900
    Dallas, Texas 75201
    Tel. (214) 740-1445
    Fax. (214) 740-5745
    *Counsel for Defendant*